## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE,
## WESTERN DIVISION, AT MEMPHIS

**ARTHUR JONES,**

    **Plaintiff,**

    **v.**                                 **No. 2:14-cv-02876-SHL-tmp**

**TENNESSEE DEPARTMENT of SAFETY**

    **Defendant.**

## AMENDED COMPLAINT UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

Comes now Arthur Jones, (hereinafter "Plaintiff"), by and through his counsel of record Eskins King and Marney, P.C., and files this his Amended Complaint against the Tennessee Department of Safety, (hereinafter "Defendant"), and in support thereof states as follows:

### INTRODUCTORY STATEMENT

Plaintiff Arthur Jones, an African American seeks redress for discrimination on account of race and in retaliation for filing a charge of discrimination against the Defendant in violation of the Constitution and laws of the United States in his capacity as an employee and applicant for employment with the Defendant.  Specifically, Plaintiff alleges that he was unlawfully denied reemployment with the Defendant after it was determined that Plaintiff filed a charge of discrimination complaining about possible age discrimination in the Defendant's hiring practice. As a result of this discrimination, Plaintiffs seeks all damages available to him under the law as a result of the Defendant's discriminatory practices.  Plaintiff seeks injunctive relief requiring the Defendant to eliminate the discriminatory practices that exist and all compensatory and punitive

damages for the reprehensible and unlawfully discriminatory treatment which the Defendant subjected him to under the circumstances.

## THE PARTIES

1.     Plaintiff, Arthur Jones is a citizen of the United States and resides at 4431 Old Quarry Road, Memphis, Shelby County, Tennessee, 38118.

2.     Defendant, Tennessee Department of Safety is a Governmental entity located at 1150 Foster Avenue, Nashville, Davidson County, Tennessee and a subdivision of the State of Tennessee.

## JURISDICTION

3.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 2000e-5 inasmuch as the Plaintiffs' claims raise a substantial federal question pursuant to the Civil Rights Act of 1964, U.S.C. § 2000e et seq. On or about September 14, 2014, Plaintiff received the Notice of Suit Rights.  This action is timely filed.

## FACTS

4.     Originally, Plaintiff was hired to work as a Tennessee Capital Police Officer on July 15, 2002.

5.     Plaintiff remained in that position until November 2003, when Colonel Pitts who was in charge of the Tennessee Department of Safety at that time, transferred Plaintiff into the position of State Trooper.

6.     In 2004, after Plaintiff's transfer to the State Trooper position, Plaintiff completed all the necessary training for State Troopers at the Tennessee Highway Patrol Training Academy.

7.      Shortly after completing training in 2004, Plaintiff worked as a Highway Patrolman patrolling, the Eight District which consists of Shelby and Fayette counties in west Tennessee.  Plaintiff held this position from April 2004 until June 2005.

8.      In July 2005, Plaintiff transferred to the Third District which is the Metro Davidson County area.

9.      Plaintiff remained employed in that position until Plaintiff resigned on or about December 14, 2009.

10.     Prior to Plaintiffs' resignation, Plaintiff performed his job well and was issued a rehire letter indicating that he could return to work as a Highway Patrolman with the State of Tennessee.

11.     Sometime in October 2010, Plaintiff sought rehire with the Tennessee Department of Safety and was instructed by Lt. Colonel Wilson's office to send an email indicating that he wished to return.  Shortly thereafter, Plaintiff complied with instructions by the Tennessee Department of Safety and forwarded the email as requested to by Lt. Colonel Wilson's office.

12.     Afterwards, Plaintiff was contacted by someone from the Tennessee Department of Safety's Human Resources Office and they set up an appointment for Plaintiff to undergo a Physical and Psychological evaluation.

13.     On November 6, 2010, Plaintiff completed and passed the physical examination. Thereafter Plaintiff completed the psychological test and evaluation on November 11, 2010, but was not recommended for the position by the Department psychologist, Dr. James Hughes. Dr. Hughes stated to Plaintiff that he did not qualify from a psychological standpoint.

14.     Thereafter,  Plaintiff  hired a psychologist who informed Plaintiff after conducting several  psychological  tests,  that  he  should  not  have  been  disqualified  due  to  Plaintiff's

psychological condition.  Plaintiff thereafter filed a charge of discrimination against the Tennessee Department of Safety alleging age discrimination regarding hiring and reinstatement. That charge was received by the Tennessee Department of Safety and placed in Plaintiff's file.

15.     In June 2012, Plaintiff, reapplied for the Highway Patrolman position.  However, instead of contacting Lt. Colonel Wilson's office, Plaintiff applied this time through the online process.  Thereafter, Plaintiff received notice that the Department of Safety intended to give him another physical agility test.  The test was scheduled for November 14, 2012.  Plaintiff took and passed the test on that day.

17.     The same day Plaintiff passed the physical agility test, Plaintiff was invited to interview for the position.  During the interview process, Plaintiff was not informed that he was required to undergo a psychological evaluation prior to being hired.

18.     Also, after Plaintiff interviewed for the position, he was told that he would be informed later regarding the next steps in the employment process.

19.     Nevertheless, the Tennessee Department of Safety did not notify Plaintiff regarding the next steps in the hiring process until he received an email in March 2013. According to the email, Tennessee Department of Safety Human Resources Division informed Plaintiff that since Plaintiff did not respond with information they needed in a timely fashion, Plaintiff's name was removed from the register.

20.     Upon information and belief, several white, applicants were selected to the position of State Trooper.  After learning this information, Plaintiff filed a second charge of discrimination on May 10, 2013, alleging race discrimination and retaliation for filing a charge of discrimination in 2011 against the Tennessee Department of Safety.

21.     Prior to receiving the email from the Tennessee Department of Safety, Plaintiff had informed several co-workers about the Charge of Discrimination he filed against the Agency in 2011.  In addition, the Tennessee Department of Safety received a copy of the Notice of Charge of Discrimination sent by the EEOC in 2011 and that document remains in Plaintiff's employment file.

22.     Upon information and belief, similarly situated less qualified white applicants were selected for this position while Plaintiff was not.  In addition, the Tennessee Department of Safety allowed other white employees to return to work after having resigned their positions, while not giving African American officers the same opportunity.

23.     The Tennessee Department of Safety's reason for Plaintiff being taken off the register because Plaintiff failed to provide them with timely information is inaccurate.  All information, requested by the Department of Safety was forwarded back to them by Plaintiff in a timely fashion.

## CAUSES OF ACTION

24.     Plaintiff restates and incorporates paragraphs 1-23 as if fully set forth herein.

25.     Plaintiff charges, avers and brings the following causes of action against the Defendant:

a.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. for violating Plaintiff's Civil Rights by retaliating against Plaintiff for filing a 2011 Charge of Discrimination and

b.     by subjecting Plaintiff to disparate treatment, by hiring substantially less qualified white employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## DAMAGES

26.     The Plaintiffs restate and incorporate paragraphs 1-25 as fully incorporated herein.

27.     Plaintiff seeks injunctive relief to put an end to the unlawful employment practices undertaken by the Defendant and equitable relief to include front pay.  Additionally, Plaintiff seeks compensatory damages including lost wages, lost earning capacity, emotional distress, pain and suffering, humiliation and embarrassment.  Plaintiffs seeks punitive damages in a sufficient amount to punish and prevent the intentional and reprehensible discriminatory employment practices undertaken with reckless disregard to Plaintiff's federally protected civil rights.

WHEREFORE, Plaintiff prays that the Court require the Defendant to appear and answer the Complaint; that Plaintiff is awarded equitable relief to include front pay and all compensatory damages that are available to him under the law; that the Defendant be permanently enjoined from allowing such discrimination to occur in the future with respect to the treatment of any human being; that Plaintiff is awarded punitive damages in an amount that will deter such conduct and treatment from occurring in the future and will punish the Defendant for its reprehensible conduct; plus attorneys' fees, costs, pre-and post-judgment interest; for a Jury to try the issues herein when joined; and, any and all other relief to which he is entitled to at law and equity.

RESPECTFULLY SUBMITTED,

By:   **s/James E. King, Jr.**

James E. King, Jr. (#21219)
50 N. Front St, Suite 590
Memphis, TN  38103
901-578-6902
jking@eskinsking.com

*Attorney for Plaintiff Arthur Jones*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this 27th day of May, 2015.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties listed on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

/s James E. King, Jr.
James E. King, Jr.